**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF A.P. FRANZ, JR., TRUSTEE, as owner, and BUCHANAN MARINE, L.P., as bareboat charterer of the Barge B-252 FOR EXONERATION FROM OR LIMITATION OF LIABILITY.** | **1:13-cv-411 (GLS/RFT)** |

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:**<br>Lyons & Flood, LLP<br>65 West 36th Street, 7th Floor<br>New York, NY 10018 | EDWARD P. FLOOD, ESQ. |
| **FOR THE CLAIMANTS:**<br>*Wayne Volk and Karen Volk*<br>Melley, Platania Law Firm<br>24 Closs Drive<br>Rhinebeck, NY 12572 | STEVEN M. MELLEY, ESQ. |
| *Tilcon New York, Inc.*<br>Cook, Netter Law Firm<br>P.O. Box 3939<br>85 Main Street<br>P.O. Box 3939<br>Kingston, NY 12402 | ERIC M. KURTZ, ESQ. |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs A.P. Franz, Jr., Trustee, as owner, and Buchanan Marine, L.P., as bareboat charterer (hereinafter collectively referred to as "Buchanan") of the Barge B-252 commenced this action pursuant to the Limitation of Liability Act of 1851[1] seeking exoneration from or limitation of liability. (Compl., Dkt. No. 1.) Pending is the motion to dismiss[2] of claimants Wayne Volk ("Volk") and Karen Volk (hereinafter collectively referred to as "the Volks"). (Dkt. No. 16.) For the reasons that follow, the motion is denied.

## II. **Background**

---

[1] *See* 46 U.S.C. §§ 30501-30512.

[2] The Volks' notice of motion identifies Federal Rule of Civil Procedure 12(b)(1), (6), and (7), Rule F(1) and (7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and 46 U.S.C. §§ 186, 3505(b) (presumably the Volks intended to cite § 30505(b)), 30505(a), and 30511(a) as the bases upon which they seek relief. (Dkt. No. 16 at 1-2.) As clarified in their reply, the Volks specify that their "motion is one to dismiss under Rule 12(b)(1) and 12(b)(6)." (Dkt. No. 20 at 1.) Moreover, the Volks explain that, despite Buchanan's suggestion, (Dkt. No. 19 at 1, 1 n.2, 5), their motion "is not a summary judgment motion per se," and that "[i]t is the [c]ourt's prerogative under the Federal Rules to convert the motion to one under Rule 56," (Dkt. No. 20 at 4-5). The court excludes from its consideration the matters outside the pleadings presented by the Volks in support of their motion to dismiss for failure to state a claim, and it declines to convert the Volks' motion into one seeking summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

A. **Facts**[3]

The Barge B-252 is owned by Franz, as trustee, and Buchanan Marine has been, at all relevant times, the bareboat charterer of the vessel. (Compl. ¶¶ 2, 3.) On October 16, 2012, the Volks commenced a state court action against Buchanan Marine, alleging that Volk was injured while aboard the vessel. (*Id.* ¶¶ 4-6; Dkt. No. 1, Attach. 2.) Volk's injuries were "not due to any fault, neglect, or want of care on the part of [Buchanan], nor due to any unseaworthy condition of the Vessel, and occurred without [Buchanan's] privity or knowledge." (Compl. ¶ 8.)

B. **Procedural History**

Buchanan commenced this action on April 15, 2013. (*See generally* Compl.) The court thereafter granted Buchanan's motion to approve security, enjoin suits, and direct issuance of notice. (Dkt. No. 4.) Claimant

---

[3] Consistent with the applicable standard of review, *see infra* Part III, the facts are drawn from the complaint and presented in the light most favorable to Buchanan. Moreover, with respect to the Volks' 12(b)(1) motion, the court is "permitted to rely on non-conclusory, non-hearsay statements outside the pleadings, which . . . cannot [be] consider[ed] under Rule 12(b)(6) unless they are incorporated within or integral to the complaint." *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013) (internal citations omittied). The facts are recited with those standards in mind.

Tilcon New York, Inc. thereafter answered and asserted a claim, (Dkt. No. 6), as did the Volks, (Dkt. Nos. 12, 15). On July 17, 2013, Magistrate Judge Randolph F. Treece granted the Volks permission to file a motion to dismiss on the issues of timeliness and the court's jurisdiction by August 16, 2013. (Dkt. No. 14.) Consistent with Judge Treece's order, the Volks filed the pending motion to dismiss. (Dkt. No. 16.) Discovery has not commenced. (Dkt. No. 14.)

### III. Standard of Review

The standards of review under Rules 12(b)(1) and 12(b)(6), which are "substantively identical," *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), are well settled and will not be repeated. For a full discussion of those standards, the parties are referred to the court's decisions in *Unangst v. Evans Law Associates, P.C.*, 798 F. Supp. 2d 409, 410 (N.D.N.Y. 2011), and *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), respectively.

### IV. Discussion

The Volks seek dismissal for a host of reasons. (Dkt. No. 16, Attach. 1 at 3-14.) In arguments that the court largely agrees with, Buchanan contends that the Volks' motion should be denied in all respects; however,

Buchanan concedes that the fund, see 46 U.S.C. § 30511(b), should be increased $10,000 to reflect the pending freight on the Barge B-252 at the time relevant to the Volks' claim. (Dkt. No. 19 at 3-12 & 8 n.9.) Each of the Volks' assertions are considered below.

## A. <u>Timeliness</u>

In a somewhat jumbled argument, the Volks contend that this action is untimely pursuant to 46 U.S.C. § 30511 and Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions because it was filed more than six months after they provided written notice of claim to Buchanan. (Dkt. No. 16, Attach. 1 at 3-8.) The Volks rely on three documents to support their argument. First, the Volks point to Volk's application for New York State Workers' Compensation Law benefits dated May 20, 2011; second, they cite a July 28, 2011 letter submitted by counsel for Buchanan to the Workers' Compensation Board (WCB) related to Volk's workers' compensation claim; and, third, they implicate a May 27, 2011 Form LS-202, otherwise known as the "Employer's First Report of Injury," which pertains to a report of Volk's injury under the Longshore and Harbor Workers' Compensation Act. (Dkt. No. 16, Attach. 2 at 14-15, 26-28, 37.) The Volks contend that these

documents demonstrate that they provided Buchanan with written notice of claim—or, to use their words, "put the bull's eye on Buchanan," and made it such that Buchanan "certainly knew that . . . Volk was probably going to sue [them]"—and that the commencement of this action, on April 15, 2013, was well beyond six months after such notice was provided, in violation of 46 U.S.C. § 30511(a). (Dkt. No. 16, Attach. 1 at 4-6.)

Here, because the Volks did not file a notice of claim of a kind subject to limitation, and it is undisputed that the first time Buchanan received such notice was when the Volks served it with summons and complaint in the underlying state court action on November 27, 2012, the action is timely. 46 U.S.C. § 30511(a) provides that an action by an owner of a vessel for limitation of liability "must be brought within [six] months after a claimant gives the owner written notice of a claim." *See* Fed. R. Civ. P. Supp. R. F(1) (providing a corollary to § 30511(a)). It is clear, however, that "a notice which starts the running of the six months' period must be notice of a claim of a kind subject to limitation." *In re Spearin, Preston & Burrows, Inc. (The Lavinia D. Luoma v. Spearin, Preston & Burrows, Inc.)*, 190 F.2d 684, 686 (2d Cir. 1951). Knowledge of relevant facts alone is not enough to constitute notice of claim. *See In re*

*Hutchinson (The Spare Time II)*, 28 F. Supp. 519, 519-20 (E.D.N.Y. 1938).

Volk's claim for New York Workers' Compensation Law benefits, Buchanan's July 28, 2011 letter to the WCB, and the May 27, 2011 Form LS-202 were singularly and collectively insufficient to put Buchanan on notice of a claim subject to limitation because those documents all related to claims for workers' compensation benefits. As one court has aptly noted:

> [a p]etitioner is hardly on notice that he had better act when he is merely informed that the claimant will look to him to fulfill his obligations under the Workmen's Compensation Laws, for petitioner knows that no limitation of that claim can be had in any case. Really, the notice which is thus given is very limited, and petitioner can rightly feel that it would be a useless procedure to set out to limit liability at that point. Of course, the mere fact that a petitioner knows that an accident has occurred and that someone has a grievance against him is of no significance. He must have effective written notice of a claim before the time limitation starts to run against him.

*In re Am. M.A.R.C., Inc.*, 224 F. Supp. 573, 576 (S.D. Cal. 1963). Because Buchanan had no basis to seek exoneration from or limitation of liability until it was served with the state court action summons and complaint on November 27, 2012, (Dkt. No. 16, Attach. 1 at 16), this action, filed less

7

than six months later, (*see generally* Compl.), was timely commenced. Accordingly, the branch of the Volks' motion seeking dismissal under Rule 12(b)(1) is denied.

## B. <u>Bareboat Charterer</u>

The Volks seek dismissal on the basis that "[e]xcept for the reference in the caption [of the complaint] that Buchanan Marine . . . is a bareboat charterer of the B-252, the complaint fails to contain any such allegations and thus fails to state a ground for which relief can be granted."  (Dkt. No. 16, Attach. 1 at 8.)  As explained by Buchanan, (Dkt. No. 19 at 6), the Volks are simply mistaken.  Indeed, Buchanan plainly alleges that Buchanan Marine "[a]t all relevant times . . . was the bareboat charterer of the Vessel."  (Compl. ¶ 3.)  At this stage of the proceedings, this allegation is accepted as true and suffices to demonstrate that Buchanan Marine is an "owner" within the meaning of 46 U.S.C. § 30511(a).  *See* 46 U.S.C. § 30501.  Accordingly, the Volks' motion to dismiss for failure to state a claim is denied with respect to this issue.

## C. <u>"Privity or Knowledge"</u>

The Volks next assert that Buchanan "cannot demonstrate that they lack privity or knowledge of the unsafe condition of the barges which were

8

under the control of Buchanan Marine."  (Dkt. No. 16, Attach. 1 at 8-12.)  This argument relies on a host of evidence that is outside of the pleadings, including, among other things, photographs and an expert's affidavit.  (*Id.*)  The Volks' motion with respect to "privity or knowledge" is denied.

"Whether a vessel owner is entitled to limit its liability requires a two-step analysis.  First, the court must determine what acts of negligence . . . caused the accident.  Second, the court must determine whether the ship owner had knowledge or privity of those same acts of negligence." *Otal Invs. Ltd. v. M/V Clary*, 673 F.3d 108, 115 (2d Cir. 2012) (internal quotation marks and citations omitted); *see* 46 U.S.C. § 30505(b) (providing for limitation of liability for an owner of a vessel when some injury occurs "without the privity or knowledge of the owner").  Little discussion is warranted here.  Bearing in mind that the Volks have moved to dismiss for failure to state a claim, Buchanan's allegation that the incident in question "occurred without [their] privity or knowledge," (Compl. ¶ 8), is sufficient to defeat the motion, *see In re Weeks Marine, Inc.*, Civil Action No. 10-1794, 2011 WL 3273611, at *4 (E.D. Pa. July 29, 2011).

**D.**     **Flotilla Doctrine**

The Volks also assert that dismissal is warranted under the "Flotilla

Doctrine," or, "at the very least," that doctrine requires an increase in the security given by Buchanan.  (Dkt. No. 16, Attach. 1 at 12-13.)  So far as their alternative argument is concerned, the Volks argue, without any citation to legal or factual authority, that "the court must require the additional disclosure of the number and value of all 200 of [Buchanan's] barges, all of the 5 tugboats and the value of the freight, i.e., loads of many many tons of quarried, mined materials on all the vessels, in the aggregate."  (*Id.*)  To this contention, Buchanan responds that the flotilla doctrine is not applicable and the Second Circuit has "specifically rejected" the kind of argument made by the Volks; Buchanan nonetheless concedes that the fund should be increased by $10,000, the value of the pending freight on the Barge B-252.  (Dkt. No. 19 at 8-9.)  The court rejects the Volks' arguments.  For reasons explained below, while the flotilla doctrine could have some application here, the factual record is insufficient at this juncture—given the procedural posture of the case—to support the relief sought by the Volks.

The flotilla doctrine or flotilla rule, as it is sometimes called, is an apparent creation of the revered Judge Learned Hand.  *See Standard Dredging Co. v. Kristiansen*, 67 F.2d 548 (2d Cir. 1933).  Generally

speaking, the flotilla doctrine, if applicable, requires that the owner of a vessel deposit in the limitation fund its interest in an entire flotilla of vessels plus pending freight, as opposed to the default rule that only the owner's interest in the offending vessel plus pending freight be deposited.  *See* 2 Thomas J. Schoenbaum, Admiralty & Maritime Law § 15-7 (5th ed. 2011); *see also* 46 U.S.C. § 30511(b)(1)(A).  In *Kristiansen*, Judge Hand explained that, in an action for limitation, when the vessel owner and injured party are in a master-servant relationship, or some other consensual relationship, "the owner must surrender all those vessels which share in the execution of the venture."  *Id.* at 551; *see id.* at 550.  That decision, which has been the subject of some harsh criticism, has also generated confusion about the application of the rule.  *See* 2 Schoenbaum § 15-7 n.13 (explaining that *Kristiansen* suffered "from an erroneous reading of" *Sacramento Nav. Co. v. Salz*, 273 U.S. 326 (1927), and has "led to an erroneous and highly misleading distinction between 'pure tort cases' and 'consensual relationship' cases").

 Not long after *Kristiansen*, the Second Circuit made clear that the scope of the flotilla rule was not so broad "as to mean that all the vessels used successively in performing a contract are to be deemed collectively

11

one vessel for purposes of surrender in limitation of liability." *The George W. Pratt*, 76 F.2d 902, 903 (2d Cir. 1935). The Court explained "that the vessels to be surrendered are those devoted to performance of the contract at the particular time when the fault which causes the loss is committed." *Id.* A subsequent Second Circuit case, also authored by Judge Hand, hints that *Kristiansen* was flawed in drawing a distinction between an owner's relationship with the claimant, but nonetheless upheld a district court's application of the flotilla rule where there was a contractual obligation between owner and claimant and the vessels at issue "were necessary to the performance of their owner's contract with [a third party]." *In re U.S. Dredging Corp. (U.S. Dredging Corp. v. Krohmer)*, 264 F.2d 339, 341 (2d Cir. 1959) ("As a new question it is hard to see why the shipowner's liability should be broader when it presupposed a consensual relation with the claimant than when it rests upon the invasion of the interest of a person with whom the owner has had no preceding relation.").

Buchanan relies upon *Murray v. New York Central Railroad Company*, 287 F.2d 152, 154-55 (2d Cir. 1961), in support of its contention that the Second Circuit has "specifically rejected" the argument advanced by the Volks. (Dkt. No. 19 at 9.) *Murray* involved the movement of a single

12

barge from one slip to another by a single tug; during the maneuver, the two vessels violently collided and threw the injured party into the Hudson River. *See* 287 F.2d at 152-53. The court held "that only the tug and barge involved in the accident were required to be surrendered" despite the injured seaman's contention that the entire maritime unit, all of the tugs and barges upon which he was carried, or, at least, the barges in the area of the collision should have been surrendered. *Id.* at 154-55. The court also specifically acknowledged that the factual scenario in *U.S. Dredging*, which resulted in the surrender of six vessels in a flotilla, "b[ore] no resemblance to" the facts of *Murray*. *Id.* at 155.

    Here, having outlined the basic history and parameters of the flotilla rule, there is no basis to require the surrender of Buchanan's entire fleet based upon the arguments raised by the Volks. *See The George W. Pratt*, 76 F.2d at 903. That is not to say, however, that the flotilla rule is necessarily inapplicable. Given the motion by which this argument is raised—dismissal for failure to state a claim—the reality is that facts are not now properly before the court such that it can make a determination as to the applicability of the flotilla doctrine. For that reason, the motion to dismiss is denied.

**E. <u>Home Port Doctrine</u>**

Finally, in two sentences, the Volks argue, without explaining why or how, that "the home port doctrine requires dismissal." (Dkt. No. 16, Attach. 1 at 13.) Buchanan retorts that there is no such doctrine in the context of limitation actions. (Dkt. No. 19 at 7.) As explained below, the Volks' motion is denied as to this issue.

Two cases are cited by the Volks in support of their conclusion that the home port doctrine mandates dismissal: *Haney v. Miller's Launch, Inc.*, 773 F. Supp. 2d 280 (E.D.N.Y. 2010), and *In re J.R. Nicholls, LLC*, Civil Action No. H-10-449, 2012 WL 1802588 (S.D. Tex. May 17, 2012). (Dkt. No. 16, Attach. 1 at 13.) In passing, *Haney* expresses its doubts about whether limitation ought to be permissible where the policy underlying limitation actions—"to encourage investment in risky, long sea voyages"—is absent because the vessel at issue "meander[ed] within . . . sight of its home port." 773 F. Supp. 2d at 289-90. *J.R. Nicholls* quotes Haney at length and concludes that limitation was not warranted where a vessel remained "within a few miles of its own dock" because "the purpose of the Act would [not] be served by a limitation of liability, and, in any event, the facts do not support limitation." 2012 WL 1802588, at *5.

Here, the Volks have failed to show that dismissal is required. Even if there were binding precedent regarding what the Volks have called the home port doctrine, which the court has not discovered nor have the Volks provided, again the argument is constrained by the fact that it is raised under Rule 12(b)(6). The complaint makes no reference to the relationship between the Barge B-252 and its home port, nor do the Volks point to any evidence, not even materials outside of the pleadings, that would support the conclusion that B-252 remained within view of its home port. For these reasons, the Volks' motion is denied on this ground.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Volks' motion to dismiss (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that Buchanan shall increase the security given by $10,000 to reflect pending freight within fourteen (14) days of this order; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Randolph F. Treece to schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 17, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court